By the Court,

Houston, J.:

The rule must be discharged. At common law a writ of error was a supersedeas of all proceedings on the judgment in the Court below, from the time it was sued out and notice of it was served on the adverse party; and this, too, without security for the prosecution of it. Afterwards, by Parliamentary enactments, security or bail for the due and faithful prosecution of it in the Court above, was required in order to render the writ of error a supersedeas of the proceedings on the judgment in the Court below. But after these enactments, when the bail or security was given, it had the same effect as a supersedeas, which it originally had at common law without it; and the only object of our constitutional provision on the subject, was to change this common law rule, as it had before been changed by statutory provisions in England. The meaning and effect, therefore, of this provision of our State constitution is, that when sufficient security is given for the prosecution of it, the writ of error shall be a supersedeas of all proceedings on the judgment in the Court below. It is true, that if an execution issued upon it is executed before the writ of error is sued out, it may be returned to the Court below afterwards; but so long as it remains executable, but not executed, a writ of error with security for its prosecution*,is a supersedeas of it. 2 Tidd’s *598 Pr. 1072; Lane et al. v. Bacchus, 2 T. R. 44. The term adopted in the constitution is stay instead of supersedeas, as was observed by the counsel for the.plaintiff in the rule; but the difference is only verbal, for it means the same thing. If the judgment below is reversed in the Court-above on the writ of error, of course, there is an end of it as a judgment, with all unexecuted process depending upon it when the writ of error was issued and the security given; but if it is affirmed, then the judgment of affirmanee is entered as a judgment on the record of the case in the Court below, to be executed in like manner and By the same process as a judgment of that Court, and is to have the same lien and éffect under the statute referred to, Rev. Code, 390, 391, secs. 8, 9 & 10, as a judgment of that Court. Butin the latter case the judgment of affirmance stands in lieu of and becomes the substitute, and not the duplicate, of the original judgment, and all the subsequent proceedings and process must be had thereon for the collection of the debt, in which the costs accruing on the original judgment, with the interest, are added to the costs incurred on the writ of error in the Court above, and execution issued for the debt and costs as thus ascertained.